IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02353-WJM-KLM

SKYLINE POTATO COMPANY,

     Plaintiff,

v.

ROGERS BROTHERS FARMS, INC.,

     Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff **Skyline Potato Company's Motion for Leave to File More than One Motion for Summary Judgment and for Stay of Discovery** [Docket No. 26; Filed January 5, 2011] (the "Motion").  Defendant filed a Response in partial opposition to the Motion on January 25, 2011 [Docket No. 28], indicating that it opposed permitting Plaintiff to file a multiple summary judgment motions, but taking no position as to whether the case should be stayed pending a determination of potentially dispositive issues raised in a preliminary motion for summary judgment.  Plaintiff filed a Reply on February 8, 2011 [Docket No. 29], and the Motion was referred to me for resolution on February 9, 2011 [Docket No. 30].  The Motion is fully briefed and ripe for the Court's resolution.  For the reasons set forth below,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.

As a preliminary matter, the request to file more than one motion for summary judgment is premised on the practice standards of the former District Judge assigned to

this matter.   The case was recently transferred to newly-appointed Judge William J.

Martinez [Docket No. 31], whose practice standards remain under consideration.

Accordingly, I find that there is no current impediment to any party filing multiple motions

for summary judgment.  Moreover, I credit Plaintiff's assertion that resolving a potentially

dispositive jurisdictional issue at the outset of the case is an efficient use of the parties' and

judicial resources.[1]  To this end,

IT IS FURTHER **ORDERED** that the parties shall file any pre-discovery dispositive

motions on or before **February 21, 2011**.

Addressing the issue of a stay of discovery while any pre-discovery dispositive

motions are pending, the Court notes that stays of discovery are generally disfavored in this

District.  Nevertheless, "[t]he Court has broad discretion to stay proceedings as incidental

to its power to control its own docket."  *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-

WYD-KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (unpublished decision)

(citations omitted).  In determining whether a stay is appropriate, the Court considers:  (1)

the interest of Plaintiff; (2) the interest of Defendant; (3) the Court's convenience; (4) the

interest of nonparties, and (5) the public interest in general.  *String Cheese Incident, LLC*

*v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar.

30, 2006) (unpublished decision).

Weighing the factors set forth for determining the propriety of a stay, the Court finds

that a stay is appropriate.  *See String Cheese,* 2006 WL 894955, at *2.   The Court

---

[1] The potentially dispositive argument at issue is whether the United States Department
of Agriculture had jurisdiction to reach the adverse decision now being appealed by Plaintiff
here.  *See Motion* [#26] at 1-2.

balances Plaintiff's desire to litigate potentially dispositive jurisdictional issues at the outset

of the case against Defendant's presumed desire to proceed.  *See id.*  Here, I note that

other than Defendant's assertion that the current case deadlines should be followed,

Defendant takes no position as to whether a stay of discovery is appropriate if the parties

are litigating pre-discovery dispositive motions.  Indeed, Defendant appears to assume that

if Plaintiff is given leave to file a preliminary motion for summary judgment, discovery will

be stayed.  *See Response* [#28] at 4.

It has long been noted that "a court may decide that in a particular case it would be

wise to stay proceeding on the merits until [certain challenges] have been resolved."  8

Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994)

("[W]hen one issue may be determinative of a case, the court has discretion to stay

discovery on other issues until the critical issue has been decided."); *see also Vivid Techs.,*

*Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue

may be dispositive, the court may stay discovery concerning other issues until the critical

issue is resolved.").  Although the Court takes no position as to whether Plaintiff's

preliminary motion for summary judgment will be successful, under these circumstances,

I find that Defendant has failed to articulate a credible basis for opposing a stay.

The Court also considers its own convenience, the interests of nonparties, and the

public interest in general. *See String Cheese*, 2006 WL 894955, at *2.  None of these

factors prompts the Court to reach a different result.  In fact, the Court notes that neither

its nor the parties' time is well-served by being involved in the "struggle over the substance

of suit" when potentially dispositive issues are adjudicated at the outset of a case. *See*

*Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL

4165397 at *2 (D.C.Cir. Nov. 27, 2007) (unpublished opinion) (noting that the reason certain issues should be raised at the outset is to avoid unnecessary litigation); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)).  Likewise, the imposition of a stay pending the decision on dispositive issues "furthers the ends of economy and efficiency . . . ." *Chavous*, 201 F.R.D. at 5.  Finally, the Court is unpersuaded that this case triggers a compelling nonparty or public interest which would prompt a different result.  Accordingly,

IT IS FURTHER **ORDERED** that the case is **STAYED**, including case deadlines,[2] until at least February 21, 2011.  If neither party files a dispositive motion by that date, the stay will expire.  However, if any party files a dispositive motion by that date, the stay will continue until resolution of the motion or motions.

Dated:  February 10, 2011

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge

---

[2] The Court will maintain the current settings for the Settlement Conference and the Final Pretrial Conference.  To the extent that any party desires to reset a conference, it shall file a motion which complies with the Local Rules.