**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02353-WJM-KLM

SKYLINE POTATO COMPANY,

    Plaintiff,

v.

ROGERS BROTHERS FARMS, INC.,

    Defendant.

---

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND
CLARIFICATION OF ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

---

Before the Court is Plaintiff Skyline Potato Company's Motion for Reconsideration and Clarification of Order Denying Motion for Summary Judgment (ECF No. 46) (the "Motion"). In its Order denying Plaintiff's Motion for Summary Judgment (ECF No. 44) (the "Order"), this Court in relevant part determined as follows:

> [T]he Court finds that Skyline was acting on behalf of [Defendant] Rogers Brothers when it sorted, packaged, and delivered for sale the entire shed of potatoes. The Court further finds that the parties had a single, consistent relationship—that of grower/growers' agent—with respect to the entire contract. Because Skyline was acting as a growers' agent as to the entire contract, Rogers has met its burden of showing by preponderance of the evidence that its informal complaint was timely filed with the Secretary.

Order at 14-15. It is this determination Plaintiff contends was both erroneous and in need of further clarification, at least in regards to the rate of payment applicable to the agreement between the parties. Motion, *passim.* In its response (ECF No. 48, the "Response"), Defendant contends that the Motion should be denied because it presents

issues already addressed and ruled upon by the Court, and there is no ambiguity in the Order necessitating clarification. Response at 2-5. The Court agrees with Defendant and for the following reasons denies the Motion.

Where, as here, final judgment has not been entered, a trial court retains the power under Fed. R. Civ. P. 54(b) to reconsider and modify its interlocutory orders. *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991). In this circuit, grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *National Business Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F.Supp.2d 1250, 1256 (D. Colo. 2000) (internal citations and quotation marks omitted).

The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed. *Does*, 204 F.3d at 1012. Absent extraordinary circumstances, arguments that could have been raised in the original briefing on the dispute in question may not be made in a motion for reconsideration. *Id.* Because the conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

In its Motion Defendant does not claim there has been any intervening change in the controlling law, nor does it come forward with any new evidence previously unavailable to it at the time it filed its Motion for Summary Judgment. All of the

2

arguments and contentions set forth in the Motion were available to Defendant previously and were fully considered and addressed by the Court in its Order. Finally, Defendant has failed to show that the Court fundamentally misapprehended any of its summary judgment arguments, or that the Court's prior ruling was so clearly erroneous that without the reconsidered relief requested in the Motion it would suffer a manifest injustice. As a consequence, the Court finds that Defendant has failed to demonstrate that reconsideration of its Order is in these circumstances warranted.

The Court also finds that Defendant has failed to show any necessity for this Court to "clarify" its Order, on the rate of payment issue or otherwise. The Court has carefully reviewed its Order and finds that the factual findings, legal analysis and conclusions contained therein, while possibly not a paradigm of learned erudition, are nonetheless sufficiently clear and understandable such that further "clarification" of its Order is neither necessary or even advisable at this juncture of the proceedings.

For the reasons set forth above, Plaintiff Skyline Potato Company's Motion for Reconsideration and Clarification of Order Denying Motion for Summary Judgment is hereby DENIED.

Dated this 30th day of November, 2011.

BY THE COURT:

William J. Martinez
United States District Judge